IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF KANSAS

RICHARD C. KNIGHT,

        Plaintiff,
vs.                               **Case No. 08-4154-RDR**

GTECH CORPORATION,

        Defendant.

## MEMORANDUM AND ORDER

Plaintiff alleges that defendant violated the Age Discrimination in Employment Act (ADEA) by denying his many applications for employment as an entry-level computer operator since 1988. This case is before the court upon defendant's motion for summary judgment.

The following facts have not been disputed by plaintiff. Plaintiff has applied for multiple computer operator positions at defendant's company since approximately 1988.[1] Plaintiff was born in 1957, so some of these applications were made when plaintiff was under 40 years of age. Plaintiff was not hired before he was 40 or after he was 40. Some time between 2003 and 2006, plaintiff

---

[1] As defendant points out, plaintiff may only recover upon an ADEA claim regarding discriminatory actions taken within 300 days of the date of plaintiff's administrative charge. Haynes v. Level 3 Communications, LLC, 456 F.3d 1215, 1222 (10th Cir. 2006) cert. denied, 549 U.S. 1252 (2007). Plaintiff filed his administrative charge on February 15, 2008. Therefore, he may only make a claim regarding actions taken after April 20, 2007. Any claim regarding employment applications prior to April 20, 2007 is barred by the statute of limitations.

arrived in person at defendant's offices to apply for a computer operator position.  He insisted upon an interview, although the job listing indicated that applicants should not apply in person. Plaintiff was interviewed by Dennis Christian for approximately 15 to 30 minutes.  Plaintiff was not hired because:  he failed to follow the instructions of the job listing; his demeanor was considered unprofessional and inappropriate; and his responses to questions were short, vague and referred to obsolete computer equipment.

Christian also made the decision not to interview or hire plaintiff each time plaintiff applied for a position after April 20, 2007.  He decided not to interview or hire plaintiff because plaintiff's resumé did not disclose his employment history for the previous eight years, and he believed plaintiff acted unprofessionally when he interviewed him previously at defendant's Topeka office.  The other candidates hired for the positions for which plaintiff made application after April 20, 2007 disclosed a detailed employment history.

Defendant has hired 12 different computer operators since April 20, 2007.  Four of them have been over 40 years of age.

Under FED.R.CIV.P. 56, summary judgment is appropriate in this case if defendant demonstrates that there is "no genuine issue of material fact" and that defendant is "entitled to a judgment as a matter of law."  FED.R.CIV.P. 56(c).  This court must view the

2

evidence and all reasonable inferences therefrom in the light most favorable to the nonmoving party, which is the plaintiff in this case. Spaulding v. United Transp. Union, 279 F.3d 901, 904 (10th Cir.) cert. denied, 537 U.S. 816 (2002). A "material" fact is "essential to the proper disposition of the claim." Wright ex rel. Trust Co. of Kansas v. Abbott Laboratories, Inc., 259 F.3d 1226, 1231-32 (10th Cir. 2001) (citing Adler v. Wal-Mart Stores, Inc., 144 F.3d 664, 670 (10th Cir. 1998)). A "genuine" issue of fact exists if "there is sufficient evidence on each side so that a rational trier of fact could resolve the issue either way." Adler, 144 F.3d at 670 (citing Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986)).

Defendant bears the initial burden of demonstrating an absence of a genuine issue of material fact and entitlement to judgment as a matter of law. Spaulding, 279 F.3d at 904 (citing Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986)). Defendant must attempt to meet this burden by pointing "to those portions of the record that demonstrate an absence of a genuine issue of material fact given the relevant substantive law." Thomas v. Wichita Coca-Cola Bottling Co., 968 F.2d 1022, 1024 (10th Cir.) cert. denied, 506 U.S. 1013 (1992). If defendant meets this initial burden, then the burden shifts to plaintiff to "come forward with 'specific facts showing that there is a genuine issue for trial.'" Spaulding, 279 F.3d at 904 (citing Matsushita Elec. Indus. Co. v. Zenith Radio

Corp., 475 U.S. 574, 587, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986)); Anderson, 477 U.S. at 256, 106 S.Ct. 2505; Celotex, 477 U.S. at 324, 106 S.Ct. 2548. Plaintiff may not rest upon his pleadings to meet this burden. Anderson, 477 U.S. at 256; accord Eck v. Parke, Davis & Co., 256 F.3d 1013, 1017 (10th Cir. 2001). Rather, plaintiff must set forth specific facts that would be admissible in evidence in the event of trial from which a rational trier of fact could find for plaintiff. Mitchell v. City of Moore, Oklahoma, 218 F.3d 1190, 1197 (10th Cir. 2000). The facts should be identified by reference to an affidavit, a deposition transcript, or a specific exhibit. Id.

Summary judgment is not a "disfavored procedural shortcut;" rather, it is an important procedure "designed 'to secure the just, speedy and inexpensive determination of every action.'" Celotex, 477 U.S. at 327 (quoting Fed.R.Civ.P. 1).

The ADEA prohibits an employer from denying employment to a person because of the person's age. See 29 U.S.C. § 623(a)(1). Plaintiff has the burden of proving that the failure to hire him was motivated in part by age. See Reeves v. Sanderson Plumbing Products, Inc., 530 U.S. 133, 141 (2000). Plaintiff need not show that age was the sole reason, but he must show that age made the difference in the decision not to hire him. See Greene v. Safeway Stores, Inc., 98 F.3d 554, 557 (10th Cir. 1996) (citations omitted). Plaintiff may use direct or circumstantial evidence of a

4

discriminatory motive.  Danville v. Regular Lab Corporation, 292 F.3d 1246, 1249 (10th Cir. 2002).  Circumstantial evidence is evaluated under the burden-shifting framework of McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802-05 (1973).  Id.  Under that framework, plaintiff bears the burden of producing evidence to establish a prima facie case of discrimination, then the burden shifts to defendants to articulate a facially nondiscriminatory reason for its actions.  See Reynolds v. School District No. 1, 69 F.3d 1523, 1533 (10th Cir. 1995).  If defendants do articulate a nondiscriminatory reason for refusing to hire plaintiff, then the burden shifts back to plaintiff to present evidence from which a jury might conclude that defendants' proffered reason is pretextual, that is, unworthy of belief, or otherwise introduce evidence of an illegal motive to discriminate on the basis of age. Beaird v. Seagate Technology, Inc., 145 F.3d 1159, 1165 (10th Cir.) cert. denied, 525 U.S. 1054 (1998).

Defendant contends that there is no direct or indirect evidence of age discrimination in this case.  Direct evidence of age discrimination would be evidence that "demonstrates on its face that the employment decision was reached for discriminatory reasons."  Danville, 292 F.3d at 1249.  Plaintiff has not alleged or referred to evidence which directly shows that any one of his employment applications was denied because of his age.  His personal opinion is not direct evidence of discrimination.

Plaintiff only refers to the fact of his age and that he was interviewed by someone who was much younger. Such circumstantial evidence is considered indirect proof.

As mentioned earlier, the McDonnell Douglas framework of analysis applies to a summary judgment motion when a plaintiff relies upon indirect proof of discrimination. This framework requires plaintiff to raise a genuine issue of material fact on each element of the prima facie case for a discriminatory failure to hire. The elements of a prima facie case are: 1) that plaintiff belongs to a protected class; 2) that plaintiff applied and was qualified for a job which the employer was seeking applicants; 3) despite being qualified, plaintiff was rejected; and 4) after plaintiff's rejection, the position remained open and the employer continued to seek applicants from persons of plaintiff's qualifications. Garrison v. Gambro, Inc., 428 F.3d 933, 937 (10th Cir. 2005) (quoting, Kendrick v. Penske Transp. Servs., Inc., 220 F.3d 1220, 1226 (10th Cir. 2000)).

Assuming that plaintiff can raise a genuine issue of material fact as to each element of a prima facie case of age discrimination in failing to hire plaintiff, if defendant presents evidence of a legitimate non-discriminatory reason for not hiring plaintiff, then plaintiff must demonstrate that there is a genuine issue of fact as to whether defendant's reasons for not hiring plaintiff are a mere pretext for age discrimination - - that is, not worthy of belief.

Kendrick, 220 F.3d at 1230.

In this case, defendant has presented proof that plaintiff was not hired because plaintiff failed to disclose his employment history for the previous eight years, and plaintiff acted unprofessionally when he was previously interviewed at defendant's Topeka office. Plaintiff has not presented any evidence that these reasons for failing to hire him are unworthy of belief. Pretext may be demonstrated by revealing "such weaknesses, implausibilities, inconsistencies, incoherencies, or contradictions in the employer's proffered legitimate reasons for its action that a reasonable factfinder could rationally find them unworthy of credence and hence infer that the employer did not act for the asserted nondiscriminatory reasons." Morgan v. Hilti, Inc., 108 F.3d 1319, 1323 (10th Cir. 1997) (quotation omitted). "'[M]ere conjecture that [the] employer's explanation is a pretext for intentional discrimination is an insufficient basis for denial of summary judgment.'" Id. (quoting Branson v. Price River Coal Co., 853 F.2d 768, 772 (10th Cir. 1988).

Plaintiff has failed to demonstrate that the reasons given by defendant for refusing to hire plaintiff are pretextual. The court finds that the alleged youth of the persons interviewing plaintiff does not lead to an inference of discrimination and does not tend to prove that defendant's reasons for failing to hire plaintiff are unworthy of belief.

Defendant has presented uncontroverted facts which demonstrate that plaintiff's applications for employment after April 20, 2007 were rejected for reasons other than plaintiff's age.  Plaintiff has not produced evidence that creates a genuine issue of material fact.  Therefore, defendant's motion for summary judgment shall be granted.

**IT IS SO ORDERED.**

Dated this 30th day of November, 2009 at Topeka, Kansas.

s/Richard D. Rogers
United States District Judge